IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

GINA MORAT on behalf of herself )
and all others similarly situated, )
               Plaintiff, )
)
vs. )    Case No.: 3:07-cv-01057-HES-JRK
)
CINGULAR WIRELESS LLC, a )
foreign corporation now known as )
AT&T MOBILITY, LLC, )
               Defendant. )

**DEFENDANT AT&T MOBILITY LLC'S MOTION TO STAY DISCOVERY AND THE RULE 26(F) CONFERENCE PENDING RESOLUTION OF ITS MOTION TO COMPEL ARBITRATION AND TO DISMISS ACTION AND ACCOMPANYING BRIEF**

    1.    Pursuant to Federal Rules of Civil Procedure 6(b) and 26(a) and (c), and the Federal Arbitration Act ("FAA"), 9 U.S.C. § 4, Defendant AT&T Mobility LLC ("ATTM") respectfully moves this Court for an order staying discovery and the Rule 26(f) conference pending resolution of ATTM's motion to compel arbitration.

    2.    As explained in ATTM's arbitration motion, ATTM provides wireless service pursuant to service contracts that contain arbitration provisions. Plaintiff Gina Morat has brought this putative class action lawsuit in contravention of the arbitration agreement governing her relationship with ATTM. ATTM therefore has moved to (i) compel Morat to pursue her claims in arbitration or small claims court and (ii) dismiss this action. That motion is currently pending.

    3.    Unless the Court stays discovery, ATTM must meet and confer with Morat regarding discovery, develop a discovery plan, discuss any issues Plaintiff may

raise regarding preserving electronic discovery (for a potential nationwide class), and make initial disclosures—all of which are steps that contemplate an eventual trial on the merits.

4. The FAA forbids courts from permitting discovery into the merits while a motion to compel arbitration is pending.

5. In addition, Federal Rule of Civil Procedure 6(b) gives the Court discretion to "order the period [for doing an act required by the federal rules or court order] enlarged," and Federal Rule of Civil Procedure 26(c) allows the Court for "good cause shown" to enter "any order which justice requires to protect a party * * * from annoyance, embarrassment, oppression, or undue burden or expense."

WHEREFORE, ATTM respectfully moves this Court to enter an order staying discovery and the Rule 26(f) conference pending the resolution of ATTM's motion to compel arbitration and dismiss this action.

## BACKGROUND

On November 15, 2007, Morat filed a putative class action complaint, alleging that, after using her "credit card to pay [ATTM] for wireless services," she received an "electronically printed receipt" that displayed her card's expiration date in violation of the Fair and Accurate Credit Transactions Act, 15 U.S.C. §§ 1681 *et seq.* Compl. ¶¶ 27–29.

On December 17, 2007, ATTM filed a motion to compel arbitration under the FAA. As that motion explained, the wireless service agreement governing Morat's

service requires her to pursue her claim on an individual basis in either arbitration or small claims court and to dismiss this action.

ATTM's motion to compel arbitration is currently pending. On January 7, 2008, Morat filed an opposition to that motion. Contemporaneously with this motion, ATTM has filed a motion for leave to file a reply brief to respond to one of Morat's objections to arbitration.

On January 10, 2008, Morat's counsel e-mailed counsel for ATTM to request that the parties conduct a Rule 26(f) conference in order to discuss discovery. On January 17, 2008, counsel for ATTM e-mailed Morat's counsel to request that Morat consent to this motion. Morat's counsel did not consent. On January 17, 2008, Morat's counsel informed counsel for ATTM that Morat objected to the relief requested in this motion.

## ARGUMENT

The Court should stay discovery into the merits of Morat's claim pending the resolution of ATTM's motion to compel arbitration. If the Court does not resolve ATTM's motion within the next few weeks, then, in the absence of a stay, ATTM would be required to (i) meet and confer with Morat regarding discovery; (ii) develop a proposed discovery plan pursuant to Fed. R. Civ. P. 26(f); and (iii) make the initial disclosures required by Fed. R. Civ. P. 26(a)(1). Because these obligations would be moot if the Court compels arbitration, the Court may stay them as an exercise of its authority under Federal Rules of Civil Procedure 6(b) and 26(c). Rule 6(b) gives the Court discretion to "order the period [for doing an act required by the federal rules or court order] enlarged," and Rule 26(c) allows the Court for "good cause shown" to enter

"any order which justice requires to protect a party * * * from annoyance, embarrassment, oppression, or undue burden or expense." ATTM should not be forced to sacrifice some of the benefits of arbitration by expending time and resources on complying with court-ordered obligations that may well turn out to be unnecessary.

Furthermore, the FAA forbids discovery into the merits while a motion to compel arbitration is pending. When a motion to compel arbitration has been filed, under Section 4 of the FAA "a federal court may consider only issues relating to the making and performance of the agreement to arbitrate." *Prima Paint Corp. v. Flood & Conklin Mfg. Co.*, 388 U.S. 395, 404 (1967). As the Supreme Court has explained, "[i]n so concluding, we honor not only the plain meaning of the statute, but also the unmistakably clear congressional purpose that the arbitration procedure, when selected by the parties to a contract, be speedy and not subject to delay and obstruction in the courts." *Id.* Thus, "a court is not to rule on the potential merits of the underlying claims." *AT&T Tech., Inc. v. Commc'ns Workers of Am.*, 475 U.S. 643, 649 (1986).

By precluding judicial inquiry into the merits, the FAA also precludes discovery into the merits during the pendency of a motion to compel arbitration. As the Seventh Circuit has observed, permitting "discovery on the merits" before "the issue of [the] arbitrability [of the dispute] is resolved puts the cart before the horse" because, "[i]f a dispute is arbitrable, responsibility for the conduct of discovery lies with the arbitrators." *CIGNA HealthCare of St. Louis, Inc. v. Kaiser*, 294 F.3d 849, 855 (7th Cir. 2002). And the Ninth Circuit has held that the "FAA provides for discovery * * * in connection with a motion to compel arbitration *only if* 'the making of the arbitration agreement or the

4

failure, neglect, or refusal to perform the same be in issue.'" *Simula, Inc. v. Autoliv, Inc.*, 175 F.3d 716, 726 (9th Cir. 1999) (quoting 9 U.S.C. § 4) (emphasis added).[1]

In addition to infringing the arbitrator's authority to manage discovery, requiring ATTM to take the steps required by Rule 26 or otherwise to proceed with discovery on the merits would subject ATTM "to the very complexities, inconveniences, and expenses of litigation that [the parties] determined to avoid [by agreeing to arbitrate]." *Suarez-Valdez v. Shearson Lehman/Am. Express, Inc.*, 858 F.2d 648, 649–50 (11th Cir. 1988) (Tjoflat, J., concurring); *see also NBC, Inc. v. Bear Stearns & Co.*, 165 F.3d 184, 190–91 (2d Cir. 1999) ("The popularity of arbitration rests in considerable part" on characteristics "at odds with the broad-ranging discovery made possible by the Federal Rules of Civil Procedure."). Indeed, the Eleventh Circuit has explained that "the arbitrability of a dispute * * * gives the party moving to enforce an arbitration provision a right not to litigate the dispute in a court **and bear the associated**

---

[1]     *See also Levin v. Ripple Twist Mills, Inc.*, 416 F. Supp. 876, 880 (E.D. Pa. 1976) ("In a motion to compel arbitration, no discovery into the underlying grievance is ordinarily permitted."), *appeal dismissed*, 549 F.2d 795 (3d Cir. 1977); *Econo-Car Int'l, Inc. v. Antilles Car Rentals, Inc.*, 61 F.R.D. 8, 10 (D.V.I. 1973) ("In proceedings to compel arbitration, discovery * * * into the merits * * * is improper."), *rev'd on other grounds*, 499 F.2d 1391 (3d Cir. 1974); *Int'l Union of Elec., Radio & Mach. Workers v. Westinghouse Elec. Corp.*, 48 F.R.D. 298, 299 (S.D.N.Y. 1969) ("[A]ssuming that discovery is permissible at all in this action [to compel arbitration], * * * an investigation into the merits of the grievance to be arbitrated would be improper."); *accord, e.g., Balfour, Guthrie & Co. v. Commercial Metals Co.*, 607 P.2d 856, 858 (Wash. 1980) ("'Discovery on the subject matter of the dispute to be arbitrated generally has been denied'" because "the arbitrators are the ones who should determine the nature and scope of the whole gamut of discovery.") (quoting 7 Moore et al., MOORE'S FEDERAL PRACTICE § 81.05(7), at 81–82 (2d ed. 1979)); *In re MHI P'ship, Ltd.*, 7 S.W.3d 918, 923 (Tex. Ct. App. 1999) ("Delaying a decision on the merits of arbitrability until *after* discovery substantially defeats the policy behind [the Texas Arbitration Act's] abbreviated procedure, and it violates [that Act's] mandate to decide the issues summarily.") (emphasis in original).

*burdens*"—which "includ[e] pretrial discovery." *Blinco v. Green Tree Servicing, LLC*, 366 F.3d 1249, 1252–53 (11th Cir. 2004) (emphasis added).

For these reasons, district courts routinely stay merits discovery while a motion to compel arbitration is pending. *See, e.g., Steiner v. Apple Computer, Inc.*, No. C 07-4486 SBA (N.D. Cal. Nov. 29, 2007) (attached) (granting "a short stay of [ATTM's] initial scheduling obligations and discovery pending the determination of the motion to compel arbitration"); *Trujillo v. Apple Computer, Inc.*, No. 07 C 4946 (N.D. Ill. Oct. 10, 2007) (attached) (staying ATTM's "obligations under the court's initial standing order pending resolution of [ATTM's] anticipated motion to compel arbitration"); *Coneff v. AT&T Corp.*, 2007 WL 738612, at *2 (W.D. Wash. Mar. 9, 2007) (issuing protective order barring merits discovery pending the resolution of motion to compel arbitration); *Cunningham v. Van Ru Credit Corp.*, 2006 WL 2056576, at *2 (E.D. Mich. July 21, 2006) (staying merits discovery pending resolution of motion to compel arbitration); *Ornelas v. Sonic-Denver T, Inc.*, No. 06-cv-00253-PSF-MJW (D. Colo. Apr. 27, 2006) (attached) (granting stay because pending motion to compel arbitration "appears to have been filed in good faith and presents a substantial issue as to whether arbitration should be compelled"); *Ross v. Bank of Am.*, 2006 WL 36909, at *1 (S.D.N.Y. Jan. 6, 2006) (same); *Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Coors*, 357 F. Supp. 2d 1277, 1280 (D. Colo. 2004) (same, and noting that stay advances "the interests of judicial economy" without prejudicing plaintiffs); *Intertec Contracting v. Turner Steiner Int'l, S.A.*, 2001 WL 812224, at *7 (S.D.N.Y. July 18, 2001) ("As is the general practice of district courts, a stay of discovery was imposed in this case while the motion to compel

6

arbitration was pending before the Court."); *In re Managed Care Litig.*, 2001 WL 664391, at *3 (S.D. Fla. June 21, 2001) (staying discovery "while the Court rules on the [defendants'] motions to dismiss and to compel arbitration").

This Court should do likewise and stay merits discovery and the Rule 26(f) conference until ATTM's motion to compel arbitration is resolved.

## CONCLUSION

The Court should enter an order staying discovery into the merits and the Fed. R. Civ. P. 26(f) conference pending the resolution of ATTM's motion to compel arbitration and dismiss this action.

Dated: January 18, 2008.                              Respectfully submitted,

s/ John M. Guard

| | |
|---|---|
| *Of Counsel:*<br>Evan M. Tager (*pro hac vice*)<br>Archis A. Parasharami (*pro hac vice*)<br>Kevin Ranlett (*pro hac vice*)<br>MAYER BROWN LLP<br>1909 K Street, N.W.<br>Washington, D.C. 20006-1101<br>Telephone: (202) 263-3000<br>Facsimile: (202) 263-3300<br>Email: etager@mayerbrown.com;<br>aparasharami@mayerbrown.com;<br>kranlett@mayerbrown.com | Daniel K. Bean (Fla. Bar No. 0015539)<br>William F. Hamilton (Fla. Bar No. 379875)<br>John M. Guard (Fla. Bar No. 374600)<br>HOLLAND & KNIGHT LLP<br>50 North Laura Street, Suite 3900<br>Jacksonville, FL 32202<br>Telephone: (904) 353-2000<br>Facsimile: (904) 358-1872<br>Email: daniel.bean@hklaw.com;<br>william.hamilton@hklaw.com;<br>john.guard@hklaw.com<br>*Attorneys for Defendant AT&T Mobility LLC* |

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on January 18, 2008 I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to the following counsel: **Stephen R. Astley, Esq.** and **Jack Reise, Esq.**, Coughlin, Stoia, Geller, Rudman & Robbins LLP, 120 E. Palmetto Park Road – Suite 500, Boca Raton, FL 33432.

/s/ John M. Guard
Attorney